IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

A.A., *a minor, by and through her mother, Beth Adams*, §
and BETH ADAMS, §
§
Plaintiffs, §
§
v. § 1:24-CV-1070-RP
§
LONE STAR REGION VOLLEYBALL §
ASSOCIATION, INC., et al., §
§
Defendants. §

**<u>ORDER</u>**

Before the Court is Plaintiffs' Status Report stating "[a]ll of the defendants in this case have now been dismissed from the case. Plaintiff requests that this Court administratively close this case." (Dkt. 56). Plaintiffs filed the status report on September 5, 2025. Almost one month has passed, and no party has responded or objected to Plaintiffs' representations. Satisfied that the disputes at issue in this case have been resolved, the Court will construe Plaintiffs' request to administratively close the case as a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2).

Rule 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." *Templeton v. Nedllovd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990). The district court has discretion to grant a Rule 41(a)(2) motion to dismiss. *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Generally, motions for voluntary dismissal should be freely granted, unless the non-moving party can show it would suffer some plain legal prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

Accordingly, **IT IS ORDERED** that the case is **CLOSED**.

**SIGNED** on September 30, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE